UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CROWN HILL MANAGEMENT, LLC          )
AND CROWN HILL CEMETERY,            )
                                    )
            Plaintiffs,             )
                                    )   CASE NO. 1:17-cv-3109
      vs.                           )
                                    )
THE CINCINNATI INSURANCE            )
COMPANY,                            )
                                    )
            Defendant.              )

## COMPLAINT

Plaintiffs, Crown Hill Management, LLC ("CHM, LLC") and Crown Hill Cemetery

("CHC") (collectively, "Crown Hill"), by counsel, for their Complaint against Defendant, The

Cincinnati Insurance Company ("CIC"), states the following:

## PARTIES

1.      Plaintiff CHM, LLC is a limited liability company organized and existing under

the laws of the State of Indiana, with its principal place of business located in Marion County,

Indianapolis, Indiana.  CHM, LLC's sole member is Gibraltar Remembrance Services, LLC

("Gibraltar"), which is an Indiana LLC with its principal place of business located in Indiana.

Gibraltar has 4 individual members: Jay Brammer and Aaron Seaman (Indiana residents), and

Timothy Brammer and Michael Uselton (Florida residents).  Jay Brammer, Timothy Brammer

and Michael Uselton hold certain percentages of their membership interests in trusts, in their

respective states of residence (Indiana and Florida). Therefore, Crown Hill is a citizen of Indiana

and Florida.

2.      Plaintiff CHC is an Indiana 501(c)(13) non-profit corporation with its principal place of business located in Indianapolis, Indiana.

3.      CIC is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located Fairfield, Ohio.  Therefore, CIC is a citizen of Ohio. At all times relevant hereto, CIC was engaged in business as an insurer and was licensed to and, in fact, did issue insurance policies in the State of Indiana, including the Crown Hill insurance policy at issue in this matter.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over CIC, because CIC maintains places of business and does business throughout Indiana, providing continuous and systematic general business contacts in Indiana. CIC is subject to general personal jurisdiction in Indiana.

6.      Further, CIC marketed and sold the insurance policy at issue in this case to Crown Hill in Indiana, and the damage that gave rise to Crown Hill's claim for coverage occurred in Indiana. CIC is also subject to specific personal jurisdiction in Indiana.

7.      Venue is appropriate pursuant to 28 U.S.C. § 1391, because, among other things, CIC does substantial business in the Southern District of Indiana, and the marketing, negotiation and execution of the insurance policy at issue in this matter occurred in the Southern District of Indiana.

## FACTUAL BACKGROUND

8.      Crown Hill provides funeral home services to Indianapolis and its surrounding areas, offering funeral pre-planning services, cremation services, memorial services, and grief care support, as well as cemetery property, merchandise and services, including pre-planning.

***The Policy and Crown Hill's Coverage Claims***

9.      Effective February 6, 2014, CIC issued to Crown Hill a certain insurance policy, Policy Number EP-029-63-37/EBA-029-63-37, with a policy period of February 6, 2015 through February 6, 2016 (the "Policy").  A true and accurate copy of the relevant portions of the Policy (and Declarations Page) is attached hereto as **Exhibit A**. The Policy provides various types of insurance coverage, including coverage for property damage and losses resulting from business interruption.

10.      In May 2015, Crown Hill hired Ryan Fireprotection, Inc. ("Ryan") to perform maintenance on a sprinkler system on Crown Hill's property located at 700 West 38th Street, Indianapolis, Indiana 46208 (the "Property"). The Property was insured under the Policy.

11.      The basement of the Property contained, among other things, Crown Hill's telemarketing and sales teams, along with servers, telephone systems, records, and other equipment and property that is and was essential to Crown Hill's continued business operations.

12.      On May 7, 2015, Ryan negligently or otherwise improperly loosened a coupling on the main water line, resulting in thousands of gallons of water flooding the Property. The flooding caused substantial damages to the Property.

13.      As a result of this damage to the Property, Crown Hill made a timely claim under the Policy, in response to which CIC paid Crown Hill approximately $709,327.59, pursuant to the terms of the Policy, for property damage.

14.     The physical damage to the Property also forced Crown Hill to displace employees and otherwise impaired its ability to conduct business, causing substantial lost business income and other damages and expenses (the "Lost Business Income and Expenses"). These Lost Business Income and Expenses are also covered under the Policy.

15.     Crown Hill retained Rollins Accounting ("Rollins") to calculate the damage caused by Ryan's actions—i.e., the Lost Business Income and Expenses.  On or about May 26, 2016, Crown Hill through its agent, delivered a copy of Rollins' calculation to CIC, determining the Business Income loss to be in the amount of $735,951.

16.     On or about January 6, 2017, Crown Hill submitted to CIC a formal Sworn Statement in Proof of Loss regarding the Lost Business Income and Expenses, again, in the amount of $735,951.  A true and accurate copy of the Proof of Claim is attached hereto as **Exhibit B**.

17.     CIC has denied Crown Hill's claim for the Lost Business Income and Expenses.

18.     Crown Hill has continued to assert its claim under the Policy for coverage of its lost business income, and CIC has continued to unreasonably deny the claim, causing Crown Hill to incur ongoing damages.

*The Policy's "Appraisal" Procedure*

19.     The Policy provides that if the parties dispute the amount of a "loss," either party may invoke an appraisal process by which each party retains an appraiser to determine the amount of the insured's "loss." If the two appraisers disagree, they will submit their appraisals to an umpire.  If any two of these three individuals (the two appraisers and the umpire) agree on the value of the loss, then that agreed value is a binding determination regarding the amount of the "loss."

4

20.     Despite the binding nature of the appraisal, however, the Policy appears to reserve CIC's "right to deny the claim" regardless of the outcome of the appraisal process.

21.     The parties are currently engaged in the Policy's appraisal process regarding the disputed Lost Business Income and Expenses.

22.     However, the Policy includes a 2-year contractual limitations period, accruing from the date of the "loss," by which Crown Hill must file suit against CIC for claims under the Policy. That 2-year period, which accrued on or about May 7, 2015 (the date of Ryan's acts that caused the insured damages), was extended by agreement of the parties, to allow the appraisal process to proceed. The current extended contractual deadline for Crown Hill to file suit under the Policy is September 7, 2017.

23.     Crown Hill has requested that CIC agree to an additional extension of the September 7 deadline, to allow the appraisal process to be completed. However, CIC has unreasonably refused to extend the deadline, necessitating that Crown Hill proceed with this action.

***The Ryan Lawsuit and CIC's Conflicts and Other Bad Faith Conduct***

24.     On or about May 5, 2017, CIC and Crown Hill filed a Complaint against Ryan, in a matter captioned *Cincinnati Insurance Co. as Subrogee of Crown Hill Funeral Home and Cemetery, and Crown Hill Funeral Home and Cemetery v. Ryan Fireprotection, Inc.*, Marion Superior Court, Indiana, Cause No. 49D12-1705-CT-018162 (the "Ryan Lawsuit"). A true and accurate copy of the Complaint in the Ryan Lawsuit is attached hereto as **Exhibit C**.

25.     Both CIC (as Crown Hill's subrogee) and Crown Hill are represented in the Ryan Lawsuit by Douglas Fisher of the "Law Offices" of CIC.

26.     In the Ryan Lawsuit, CIC seeks recovery of the amount it paid Crown Hill pursuant to the Policy—$709,327.59 (the amount of Crown Hill's property damage claim, less the $75,000 deductible).

27.     In addition, in the Ryan Lawsuit, Crown Hill (by its CIC in-house attorney, Mr. Fisher) seeks recovery of unquantified amounts, alleging that "[a]s a result of the flooding, in addition to the damages [to which CIC is subrogated], Crown Hill incurred significant unreimbursed damages." Crown Hill (through its CIC in-house attorney) also alleges that "[i]n addition to the payments made by CIC, [under the Policy], Crown Hill has incurred significant unreimbursed damages."

28.     Crown Hill's "unreimbursed damages" alleged in the Ryan Lawsuit presumably include but are not limited to the $75,000 deductible on the Policy, which CIC did not pay Crown Hill in connection with its property damage claim, in addition to any "unreimbursed" business interruption losses or other damages that are the subject of this coverage dispute.

29.     CIC (or the "Law Office" of CIC, or Mr. Fisher) never entered into an engagement agreement with Crown Hill, it never disclosed any actual or potential conflict of interests to Crown Hill, it never obtained any informed consent or waiver of conflicts from Crown Hill, nor did it or they otherwise communicate to Crown Hill the risks relating to CIC's representation of both CIC and Crown Hill in the Ryan Lawsuit, while the parties' coverage dispute was ongoing.

30.     CIC and/or Mr. Fisher (on behalf of CIC), as Crown Hill's counsel in the Ryan Lawsuit, named Crown Hill as a Plaintiff by the name of "Crown Hill Funeral Home and Cemetery." Crown Hill reasonably relied on CIC and/or Mr. Fisher to name the proper party-Plaintiff in the Ryan Lawsuit and to otherwise preserve, protect and recover on its claims against

Ryan. If CIC and/or Mr. Fisher was/were negligent in preserving Crown Hill's claims, CIC (or its agents) are liable for damages to Crown Hill in the full amount of all damages that could or should have been recovered by Crown Hill in the Ryan Lawsuit, had it been properly handled.

31.     More recently, CIC's personnel, under the guise of representing Crown Hill's interests in the Ryan Lawsuit, requested and obtained from Crown Hill personnel various documents and information relating to Ryan's conduct, Crown Hill's damages, and other matters related to Crown Hill's claims in this case. CIC, again, failed to disclose to Crown Hill that the information it gathered might be used against Crown Hill in connection with the parties' ongoing coverage disputes.

32.     CIC and its in-house lawyers represented Crown Hill in the Ryan Lawsuit, creating an attorney-client relationship. As a result, together with the parties' contractual relationship pursuant to the Policy, and CIC's other conduct alleged herein, CIC owed Crown Hill fiduciary duties, a duty of good faith and fair dealing, and other legal duties in connection with the Policy, the Ryan Lawsuit and the parties' insurance coverage disputes at issue in this matter.  CIC's conduct described herein constitutes a breach of these duties, causing damage to Crown Hill.

33.     Crown Hill is continuing to investigate CIC's conduct as described herein, and reserves the right to amend these allegations and assert additional causes of action arising out of these facts.

## <u>COUNT I — BREACH OF POLICY</u>

34.     Crown Hill incorporates allegations 1 through 33 of this Complaint as if stated herein in this Count I.

35.     Crown Hill timely made a claim under the Policy, requesting coverage, indemnity and/or reimbursement for its Lost Business Income and Expenses and other amounts described herein.

36.     Crown Hill has satisfied all conditions precedent to recovery under the Policy.

37.     Without valid basis or justification, CIC has denied Crown Hill's claim and has refused to provide coverage, indemnity and/or reimbursement for the Lost Business Income and Expenses or other amounts, pursuant to the Policy or otherwise.

38.     CIC is in material breach of the terms of the Policy.

39.     Crown Hill has been and continues to be damaged as a result of CIC's breaches.

WHEREFORE, Plaintiff, Crown Hill, by counsel, respectfully requests that this Court enter judgment in its favor and against the Defendant, ordering Defendant to compensate Crown Hill for its damages, in an amount to be proven, in addition to awarding pre- and post-judgment interest, costs, and all other proper relief.

## J<small>URY</small> D<small>EMAND</small>

Plaintiff, by counsel, respectfully requests that this cause of action be set for trial by jury on all issues triable by a jury.

Respectfully submitted,

/s/ John David Hoover
John David Hoover, Attorney No. 7945-49
Michael A. Dorelli, Attorney No. 20862-49
H<small>OOVER</small> H<small>ULL</small> T<small>URNER</small> LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244
Telephone: (317) 822-4400
Facsimile:    (317) 822-0234

*Attorneys for Plaintiffs,*
*Crown Hill Management, LLC and Crown Hill*
*Cemetery*

899274